UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT T. LOWRY, as a Seller Representative
and in his individual capacity, and JOSEPH N.
GOMPERS,

       Plaintiff,

      v.

OPPENHEIMERFUNDS, INC.,
INVESCO LTD., and MM ASSET
MANAGEMENT HOLDING LLC,

      Defendant.

Case No. 20-cv-02288(VSB)(SLC)

---

## <u>CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER</u>

It is hereby stipulated that the following procedures govern disclosure and use of all documents, testimony, exhibits, electronically stored information ("ESI"), and any other materials and information produced or disclosed in the above-captioned matter (the "Proceeding").

Vincent Lowry and Joseph N. Gompers together with OppenheimerFunds, Inc. and Invesco Ltd. (each a "Party" and collectively, the "Parties") believe that certain information that is being or may be sought by discovery requests or otherwise in the Proceeding constitutes confidential or proprietary commercial information within the meaning of Federal Rule of Civil Procedure 26(c). The Parties have agreed to be bound by the terms of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order"). The purpose of this Protective Order is to protect the confidentiality of Confidential Discovery Materials and Highly Confidential Discovery Materials (each defined below) during the Proceeding.

This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure, including on matters of procedure and calculation of time periods.

**GENERAL RULES**

1.     Any Party or non-party (a "Producing Party") producing or providing any documents, testimony, exhibits, ESI, or any other materials or information in the Proceeding ("Discovery Material") may, in good faith, designate as "Confidential" for protection under this Protective Order, in whole or in part, any Discovery Material that constitutes or includes information or material that contains non-publicly available information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, or other sensitive, proprietary, commercial, or financial information of the Party or a third party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such Discovery Material  ("Confidential Discovery Material").

2.     Any Producing Party may, in good faith, designate as "Highly Confidential" for protection under this Order, in whole or in part, any Discovery Material if such Producing Party reasonably believes that disclosure of the Discovery Material is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

3.     Confidential Discovery Material and Highly Confidential Discovery Material shall be designated by the Producing Party producing or providing it by affixing a legend or stamp on such Discovery Material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", respectively.  The words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be placed clearly on each page of the Confidential Discovery Material or Highly Confidential Discovery Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney  receiving  a  copy  of  the

transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  However, such designation shall be specific only as to the portions of the deposition or hearing transcript or any exhibit to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.      "CONFIDENTIAL" documents, information, and material may be disclosed, summarized or otherwise made available only to the following persons, except upon receipt of the prior written consent of the Producing Party, upon order of the Court, or as otherwise set forth herein:

(a)   the Parties;

(b)   Counsel for the Parties;

(c)   employees, paralegals, and support staff of such counsel;

(d)   consultants, investigators or experts retained for the purpose of this litigation, provided that before access to the Confidential Discovery Material is given, the consultant, investigator or expert completes and signs the Confidentiality Agreement contained in Appendix A;

(e)   deponents and witnesses (and counsel for such witnesses) in the Proceeding where the Confidential Discovery Material is reasonably believed by counsel to be necessary in connection with their testimony in the Proceeding or the preparation thereof, and any professional court reporters, stenographers, or video operators transcribing depositions or testimony in the Proceeding, provided that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

(f)   prospective witnesses in the Proceeding who counsel reasonably believe might be deponents or witnesses in the Proceeding (and counsel for such witnesses) to the extent the Confidential Discovery Material is reasonably believed by counsel to be necessary in connection with their testimony in the Proceeding or the preparation thereof and provided that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

(g)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of the Proceeding; and

(h)   the Court and its personnel, including any mediators.

5.      "HIGHLY CONFIDENTIAL" documents, information, and material may be disclosed, summarized or otherwise made available only to the following persons, except upon

receipt of the prior written consent of the Producing Party, upon order of the Court, or as otherwise

set forth herein:

(a) Counsel for the Parties;

(b) employees, paralegals, and support staff of such counsel;

(c) consultants, investigators or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than the Proceeding; and (2) before access to the Confidential Discovery Material is given, the consultant, investigator or expert completes and signs the Confidentiality Agreement contained in Appendix A;

(d) deponents and witnesses (and counsel for such witnesses) in the Proceeding where the Confidential Discovery Material is reasonably believed by counsel to be necessary in connection with their testimony in the Proceeding or the preparation thereof, and any professional court reporters, stenographers, or video operators transcribing depositions or testimony in the Proceeding, provided that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

(e) prospective witnesses in the Proceeding whom counsel reasonably believe might be deponents or witnesses in the Proceeding (and counsel for such witnesses) to the extent the Confidential Discovery Material is reasonably believed by counsel to be necessary in connection with their testimony in the Proceeding or the preparation thereof and provided that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Material;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of the Proceeding; and

(g) the Court and its personnel, including any mediators.

6.      With respect to documents, information, or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," subject to the provisions herein and unless otherwise stated, this Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial

-4-

summaries prepared from any Confidential Discovery Material or Highly Confidential Discovery Material shall also be considered Confidential Discovery Material or Highly Confidential Discovery Material and treated as such under this Protective Order.

7.      Designation of Confidential Discovery Material or Highly Confidential Discovery Material may be made at any time.  Inadvertent or unintentional production of Discovery Material that has not been designated as Confidential Discovery Material or Highly Confidential Discovery Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Producing Party that inadvertently or unintentionally produces Confidential Discovery Material or Highly Confidential Discovery Material without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may request destruction of that Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Confidential Discovery Material or Highly Confidential Discovery Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Discovery Material and any documents, information, or material derived from or based thereon.

8.      Discovery Material produced pursuant to any discovery request in the Proceeding, including but not limited to Confidential Discovery Material or Highly Confidential Discovery Material, shall be used by the Parties only in the litigation of the Proceeding.  Any person or entity who obtains access to Confidential Discovery Material or Highly Confidential Discovery Material or the contents thereof pursuant to this Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Confidential Discovery Material or Highly Confidential Discovery Material or any portion thereof except as may be reasonably necessary in the litigation of the Proceeding.  Any such copies, duplicates, extracts, summaries, or descriptions

shall be classified Confidential Discovery Material or Highly Confidential Discovery Material and subject to all of the terms and conditions of this Protective Order.

9.      Nothing in this Protective Order shall require production of Discovery Material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If Discovery Material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other proceeding.   Any Producing Party that inadvertently or unintentionally produces Discovery Material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such Discovery Material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such Discovery Material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

10.     There shall be no disclosure of any Confidential Discovery Material or Highly Confidential Discovery Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to take reasonable steps to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

11.     Producing Parties may, at a deposition or hearing in the Proceeding or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or

hearing transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," pursuant to this Protective Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Protective Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

12.     In accordance with Rule 5(B) of this Court's Individual Practices, any party filing documents under seal or in redacted form must (1) meet and confer with any opposing party (or third party seeking confidential treatment of the information) in advance to narrow the scope of the request and (2) electronically file (or file by email, pursuant to Rules 5(B)(iii)(d) and 1(A)) a letter motion seeking leave to file a document under seal or in redacted form, separately and contemporaneously with the sealed document.

13.     Any Confidential Discovery Material or Highly Confidential Discovery Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Protective Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

14.     If a Party seeks to introduce any Confidential Discovery Material or Highly Confidential Discovery Material into evidence at the trial of the Proceeding or seeks to otherwise use or disclose such materials in open court, that Party shall first confer with counsel for the Producing Party, and to the extent the Producing Party does not agree to such disclosure, the Party

seeking to introduce such Discovery Material and the Producing Party shall seek the Court's guidance.

15.     A Party may request in writing to the Producing Party that the designation given to any Confidential Discovery Material or Highly Confidential Discovery Material be modified or withdrawn.   If the Producing Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.    Upon any such application to the Court, the burden shall be on the Producing Party to show why its classification is proper.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the Producing Party shall be maintained.

16.     Within thirty (30) days of final termination of the Proceeding, including any appeals, all Confidential Discovery Material or Highly Confidential Discovery Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in the Proceeding), shall either be returned to the Producing Party or be destroyed, except that outside counsel may retain all court papers, trial transcripts, exhibits, and attorney work product, provided that such materials are maintained and protected in accordance with the terms of this Protective Order.   The receiving Party shall verify the return or destruction by written notice furnished to the Producing Party, upon the producing Party's request.  Nothing in this Protective Order requires a Party to return or destroy any materials it is required by law to retain.  Moreover, nothing in this Protective Order requires a Party to alter its backup or archive systems.

17.     The failure to designate documents, information, or material in accordance with

this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Protective Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

18.    Any Producing Party knowing or believing that any other party is in violation of or intends to violate this Protective Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Protective Order.

19.    Production of Confidential Discovery Material or Highly Confidential Discovery Material by the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

20.    If, at any time, any Confidential Discovery Material or Highly Confidential Discovery Material governed by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly (but in no event more than five (5) business days after receipt) give written notice to the Producing Party and include with the notice a copy of the subpoena or

request.  The person to whom the subpoena is directed also must make all reasonable, good-faith efforts to provide the Producing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential Discovery Material or Highly Confidential Discovery Material, before the person to whom the subpoena is directed takes any action to comply with the subpoena or request.  In no event may Confidential Discovery Material or Highly Confidential Discovery Material subject to this Protective Order be produced by a person receiving a subpoena without providing the Producing Party a reasonable opportunity to quash, limit, or object, absent a court order to do so or as otherwise provided by law.

21.     The designation of any Confidential Discovery Material or Highly Confidential Discovery Material is not an admission by the Producing Party that the Confidential Discovery Material or Highly Confidential Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or proportional to the needs of the Proceeding.  For the avoidance of doubt, this Protective Order shall not enlarge or affect the proper scope of discovery in the Proceeding or any other litigation or legal proceeding.  All Parties and Producing Parties reserve the right to object to any production or disclosure of any document or information on any ground it may deem appropriate.

22.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Protective Order to allow disclosure of Confidential Discovery Material or Highly Confidential Discovery Material to additional persons or entities if reasonably necessary to prepare for the Proceeding and (b) to apply for additional protection of Confidential Discovery Material or Highly Confidential Discovery Material.

23.     Nothing in this Protective Order limits or restricts the use or disclosure by a

-10-

Producing Party of its own Confidential Discovery Material or Highly Confidential Discovery Material.  In addition, nothing in this Protective Order prevents or limits disclosure, use, or dissemination of any documents, information, or material that was, is, or becomes public knowledge, not in breach of this Protective Order, or is acquired by a party from a non-party having the right to disclose the documents, information, or material or is learned by a party as a result of that party's own independent efforts, investigation, or inquiry.

24.     The Parties agree to abide by the terms of this Protective Order once signed by the Parties, pending entry by the Court.

**IT IS SO ORDERED.**

Dated: _____November 15_____, 2022

**APPROVED AS TO FORM AND CONTENT.**

SARAH L. CAVE
United States Magistrate Judge

The Clerk of Court is respectfully directed to close ECF No. 55.

Dated: November 14, 2022

*/s/ Adam M. Harris*
Adam M. Harris
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
212-596-9000
adam.harris@ropesgray.com

*Counsel for Defendants OppenheimerFunds, Inc. and Invesco Ltd.*

*/s/ William T. Hill*
William T. Hill
KLEHR HARRISON HARVEY
BRANZBURG LLP
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Telephone: (215) 599-2992

*Counsel for Plaintiffs*
*Vincent T. Lowry and Joseph N. Gompers*
*Admitted Pro Hac Vice*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was entered by

the United States District Court for the Southern District of New York in *Lowry v.*

*OppenheimerFunds, Inc.* Case No. 20-cv-02288.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.  I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


_____          _____
Signature                                   Date